NICHOLAS P. DAILEY v. WILLIAM DOUGLASS AND CHARLES GUSTAFF.

*Recalling jury after its discharge.*

A jury, after being discharged, was called back to answer some special questions that had been submitted to them but were not answered when they gave their general verdict. Some of the jurors had reached the street. The answers were consistent with the general verdict and made no change in the judgment. *Held* that in the absence of any objection to the general verdict, there was no prejudicial error.

Error to Manistee. Submitted April 9. Decided April 15.

TRESPASS ON THE CASE. Defendant brings error.

*Morris & Nelson* for plaintiff in error. Jurymen cannot be recalled for farther consideration after they have been discharged, *Settle v. Alison,* 8 Ga., 201; *Bucknany v. Greenleaf,* 48 Me., 394; *Oliver v. Springfield,* 5 Cow., 283.

*S. W. Fowler* for defendants in error. A jury may change or correct a verdict at any time before it is recorded, *Blackely v. Sheldon,* 7 Johns., 32; or may properly be sent out to agree if they return a sealed verdict, and on being polled, one of them disagrees, *Bunn v. Hoyt,* 3 Johns., 255; or if the sealed verdict is defective, even if they have been discharged, *Tyrrell v. Lockhart,* 3 Blackf., 136; *Sargent v. State,* 11 Ohio, 472; they may be sent back, if the verdict has not been recorded, to supply an informality or deficiency, *Sutliff v. Gilbert,* 8 Ohio, 405; and even to alter it in substance, *Warner v. N. Y. Cent. R. R.,* 52 N. Y., 437: 11 Amer., 724; *Goodwin v. Appleton,* 22 Me., 453; *Wolfran v. Eyster,* 7 Watts, 38; *Hobson v. Humphries,* 2 Mills Const. Rep., 371; a mistaken announcement of a verdict may be corrected, *Dalrymple v. Williams,* 63 N. Y., 361: 20 Amer., 544; *Regina v. Vodden,* 22 Eng. L. & Eq., 596; the mere entry of the verdict by the clerk does not necessarily constitute a final recording of it, *Rex v. Parkin,* 1 Moody's Cr. Cas. Reserved, 45; *The King v. Justices of Suffolk,* 5 Nev. & Man., 139; *Regina v. Meany,* Leigh & C., 213: s. c. 9 Cox C. C., 231; *M'Gregg v. State,* 4 Blackf., 101; *Walters v. Junkins,* 16 S. & R., 414, and a jury was allowed to change a verdict the terms of which they had misunderstood, after it had been docketed, *Ward v. Bailey,* 23 Me., 316; the premature discharge of the jury should not give a party an advantage, if it has not in itself injured him, *Berry v. Lowe,* 10 Mich., 9; *People v. Scott,* 6 Mich., 287; *Davis v. Bush,* 28 Mich., 432.

CAMPBELL, C. J. The single assignment of error in

this case is that the circuit judge erred in recalling a jury immediately after their discharge, to answer certain special questions submitted to them, but not answered when they gave in their general verdict.

The action was trespass for shooting a horse. The jury rendered a verdict for $175 damages. The special questions referred to some facts supposed to form part of the *res gestæ*. The jury had been discharged, and some had got out of the court room and into the street when the failure to find on the special points was noticed and they were called back and directed to answer the questions. Their answers were consistent with the general verdict, and made no change in the judgment proper to be rendered on it.

It is plain that this action, whether regular or irregular, put the defendant below in no worse position than he would have occupied without it. If he has no complaint to make which would avoid the general verdict, no error has arisen to his prejudice. He has not set up any objection to the discharge of the jury before they had completed their findings, and he has taken no exception to any previous action of the court on the trial. Having waived any ground of complaint which might have existed in the way of maintaining the general finding, the judgment rendered was inevitable.

Judgment must be affirmed with costs.

The other Justices concurred.